IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No: 13-cr-00159-WJM-7

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**7.    WESLEY CONNER,**

        Defendant.

**ORDER *SUA SPONTE* VACATING SENTENCING HEARING PENDING CONGRESS'S CONSIDERATION OF THE SMARTER SENTENCING ACT**

      Defendant Welsey Conner has pled guilty to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing cocaine base (crack) and 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), (b)(1)(B)(ii)(II), and 846.  (ECF No. 715.)  Sentencing is currently set for May 13, 2014. (*Id.*)

      The crime to which Defendant has pled guilty presently carries a statutory mandatory minimum sentence of ten years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  As set forth in the Presentence Investigation Report, Defendant has a total offense level of 27[1] and criminal history category of II, which results in an advisory guideline sentencing range of 78-97 months.  Despite the fact that this range falls well below the statutory mandatory minimum sentence, if sentencing were held as currently scheduled, the Court would be forced to impose a sentence that includes ten years

---

[1] This offense level contemplates the Court's grant of the Defendant's Motion for Variance, which seeks a two-level reduction in his offense level based on the proposed amendments to the United States Sentencing Guidelines.  (ECF No. 838.)  The Government does not oppose the Motion, and the Court sees no reason why it would not grant the reduction.

imprisonment.[2]

Imposing a ten year sentence on this particular Defendant is troubling to the Court. Mr. Conner is 21 years old, and is before the Court on his first felony conviction. Apart from traffic violations, the Defendant's entire prior adult criminal history consists of three misdemeanor convictions: for Shoplifting in December 2011, for Disorderly Conduct in May 2012, and for Gambling in Public in March 2013. Of these convictions, only the first one, for Shoplifting, was serious enough to earn him any criminal history points under the Guidelines. For all three prior adult convictions, Mr. Conner was sentenced to an aggregate total of ten days in jail.

Legislation is currently pending before Congress which would rightly allow federal judges to more freely exercise their proper sentencing authority, and in the process allow them to more meaningfully and with greater precision apply to the defendants before them the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a). *See* Smarter Sentencing Act of 2014, S.R. 1410, 113th Congress (2013-14) (accessed through Library of Congress's website at http://thomas.loc.gov/cgi-bin/query/z?c113:S.1410:). The greater sentencing flexibility federal judges would gain under this legislation would permit them, when appropriate, to temper the harsh results which frequently occur when sentencing judges are constrained by the unyielding application of mandatory minimum sentences.

The Smarter Sentencing Act could potentially affect the Court's consideration of the appropriate sentence for Mr. Conner in two ways. First, it would reduce the mandatory minimum for the offense at issue here from ten years to five years. *See id*. (changing mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 10 years

---

[2] Notably, the Government has not filed a motion under 18 U.S.C. § 3553(e), which would permit the Court to impose a sentence below the mandatory minimum to account for Defendant's substantial assistance to the Government. The Court cannot invoke this provision *sua sponte*; a motion from the Government is required. *Melendez v. United States*, 518 U.S. 120, 126 (1996).

to 5 years).  Second, it would potentially make Defendant eligible for the safety valve provision set forth in 18 U.S.C. § 3553(f). *Id*. (changing eligibility for the safety valve provision from offenders with no more than 1 criminal history point to offenders with a criminal history category of not higher than II).

The Court acknowledges that, given the fiercely partisan makeup and gross ineptitude of the current Congress, it is questionable whether the Smarter Sentencing Act will become law.  Nonetheless, the Act has bi-partisan support in both the Senate and the House of Representatives, as well as the support of the Attorney General.  In the Senate, it passed the Judiciary Committee on a vote of 13-5, and is now before the full Senate for a vote.  While  passage of the Act is far from certain, significant progress has been made.

Moreover, if the Smarter Sentencing Act does not ultimately pass, the Defendant will in all likelihood be in federal custody for at least ten years.  The fact that he may end up serving a greater portion of his custodial sentence in the pretrial custody of the United States Marshal, rather than in the post-judgment custody of the Bureau of Prisons, is immaterial to the Court.  Given the significant impact the Smarter Sentencing Act could have on *this* particular Defendant's sentence, the Court finds that the interests of justice warrant a continuance of the sentencing hearing to permit Congress a reasonable period of time within which to act.

Accordingly, on its own Motion, the Court ORDERS that the Defendant's May 13, 2014 sentencing hearing be VACATED and the same is hereby RESET to December 19, 2014 at 11:00 a.m.

Dated this 6th day of May, 2014.

BY THE COURT:

William J. Martinez
United States District Judge